***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument of the parties. The appealing party has not shown good ground to receive further evidence or rehear the parties or their representatives. Following its review, the Full Commission affirms the Opinion and Award of the Deputy Commissioner, with minor modifications.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. On August 19, 2005, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act and the Plaintiff-Employee was an employee of Defendant-Employer. *Page 2 
2. Plaintiff alleges that on August 19, 2005, she sustained injury to her left knee and right hip by accident, arising out of and in the course of her employment.
3. Plaintiff contends that she reported her injury to her employer both shortly after the accident and the Monday after the accident.
4. Defendants denied the Plaintiff-Employee's claim.
5. The average weekly wage of Plaintiff-Employee is contested.
6. Plaintiff-Employee worked reduced hours due to her knee condition starting on September 20, 2005. She was taken completely out of work due to knee surgery on November 1, 2005. September 20, 2005 to November 1, 2005 equals six weeks.
7. Plaintiff-Employee underwent arthroscopic knee surgery by Dr. Dockery on November 10, 2005. She was taken completely out of work from November 1, 2005 to November 28, 2005, which equals three weeks. Plaintiff returned to work for Defendant-Employer on November 29, 2005.
8. Plaintiff-Employee left employment with Defendant-Employer on January 3, 2006. Plaintiff-Employee has returned to new employment with a different employer, making as much as she did before the injury.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is 67 years old. Plaintiff was hired by Defendant-Employer on April 11, 2005, as an LPN.
2. On August 19, 2005, Plaintiff was working for Defendant-Employer. She was giving out medications to patients with assistance from a CNA. The phone starting ringing at the *Page 3 
Nurse's Station, so she locked her medication cart and ran to grab the phone. Plaintiff had to sit down to write some orders from a doctor for a patient requiring a new/different medication, so she pulled a chair around and went to sit down, but the chair, which had coasters, slipped away from her. Plaintiff twisted her left knee and when it gave away, she fell to the floor on her right hip.
3. Plaintiff's co-worker Dawn Wiley was working around the corner at the time of the incident. She heard a loud noise and boom. When Ms. Wiley came around the corner, she saw Plaintiff sitting on the floor. Plaintiff told Ms. Wiley that the chair had thrown her. Ms. Wiley helped Plaintiff off of the floor, and Plaintiff told Ms. Wiley that she was fine. Ms. Wiley encouraged the Plaintiff on several occasions to be certain that she reported the incident.
4. Prior to this incident, Plaintiff had reported a "little bit" of aching in her knees to Ms. Wiley; however, Ms. Wiley agreed that the Plaintiff had not missed any significant time from work and was able to perform her job duties before her fall.
5. After the fall, Plaintiff told Tammy in Defendant-Employer's administration that she had fallen out of the chair, but hoped that she would be fine. Plaintiff did not fill out an incident report. On the Monday after her fall, Plaintiff reported her fall to Denise Black, who was also Defendant-Employer's administration. No incident report was completed at that time either.
6. Plaintiff continued to work for Defendant-Employer, but began to have increasing pain and swelling in her left knee. She sought treatment at Carolinas Medical Center-University Emergency Department on September 17, 2005. Plaintiff reported an injury to her left knee, but the records did not reflect where the injury occurred. The records noted: "Chronic knee DJD. Overuse and tripped-ankle sprain-better. Using knee brace x 5 d[ays]." The attending physician indicated that Plaintiff had left knee swelling and tenderness on exam. Plaintiff was given a knee *Page 4 
immobilizer and referred to Dr. Michael Dockery, an orthopedic surgeon at OrthoCarolina for follow-up treatment.
7. Plaintiff advised Defendant-Employer at her next shift that she had sought treatment at the emergency room for her condition. She completed an incident report on September 19, 2005, 31 days after her injury. Plaintiff was issued a warning on the grounds that she failed to fill out an incident report about her injury.
8. Plaintiff was first evaluated by Dr. Dockery on September 20, 2005. He noted a history of an injury on August 19, 2005, in which Plaintiff tried to sit down on a chair that slid and she twisted her knee and fell to the floor. Dr. Dockery noted that she did not report it as workers' compensation at that time. Dr. Dockery ordered an MRI and restricted Plaintiff to sit-down work only.
9. Dr. Dockery interpreted the MRI to show that Plaintiff had a left medial meniscus tear, which corresponded to her complaints of pain and the results of her clinical examination. On November 10, 2005, Dr. Dockery performed arthroscopic surgery on Plaintiff's left knee to remove the torn medial meniscus.
10. Dr. Dockery testified, and the Full Commission finds, that the meniscus tear was caused by the fall at work and that the tear exacerbated a pre-existing condition of chondromalacia or a wearing of the cartilage which covers the ends of the bone.
11. Dr. Dockery testified that it was not unusual for individuals to delay obtaining medical treatment for a torn meniscus to see if the knee will heal on its own. The length of delay will depend upon how "tough" the person is. Further, he testified that it was unlikely that there was any further damage to the knee due to the time period between the original injury and the date Plaintiff was evaluated by him. *Page 5 
12. Defendants presented no evidence to dispute that Plaintiff fell from the chair and twisted her knee on August 19, 2005. Testimony from Ms. Wiley showed that she spoke with the adjuster for Defendant-Carrier and confirmed that Plaintiff did have a fall from her chair.
13. Defendants presented no evidence to establish that Plaintiff did not report her injury as she testified. Defendants did not establish prejudice by any delay in receiving a written report.
14. The greater weight of the evidence establishes that Plaintiff sustained an injury by accident arising out of and in the course of her employment with Defendant-Employer on August 19, 2005, resulting in a meniscus tear of her left knee and an aggravation of pre-existing chondromalacia, for which medical treatment is necessary to effect a cure, provide relief and/or lessen her period of disability.
15. As a result of her injury by accident of August 19, 2005, and the resulting left knee injury, Plaintiff suffered a total loss of earning for three weeks, from November 1, 2005 to November 28, 2005.
16. As a result of her injury by accident of August 19, 2005, and the resulting left knee injury, Plaintiff suffered a reduction in earnings for six weeks while on light duty from September 20, 2005 to November 1, 2005. Plaintiff's Exhibit 1 reflects Plaintiff's lost earnings during this time period, which totaled $2,684.58.
17. Due to her outstanding balance at Dr. Dockery's office, Plaintiff was unable to return for treatment and thus sought treatment with Dr. Glenn Perry. Dr. Perry stated that Plaintiff's meniscal tear may have aggravated underlying degenerative changes and that favoring her left knee may have aggravated her right knee. He opined that Plaintiff could be a candidate for steroid injections and a total left knee arthroplasty. *Page 6 
18. Plaintiff's medical treatment at the CMC Emergency Department and with Drs. Dockery and Perry was reasonable and necessary to effect a cure of or give relief from Plaintiff's symptoms resulting from the work injury.
19. Plaintiff is not at maximum medical improvement and is in need of ongoing medical care.
20. Stipulated Exhibit #6 shows the total gross wages of Plaintiff from her hire date of April 11, 2005 up to August 11, 2005, as $21,012.29, resulting in an average weekly wage of $1,205.52.
21. Defendants had reasonable grounds for defense of Plaintiff's claim and did not engage in stubborn, unfounded litigiousness.
22. Defendants appealed the Deputy Commissioner's Opinion and Award, and the Full Commission affirms said decision. The Full Commission has received an affidavit from counsel for Plaintiff which documents her time spent representing Plaintiff in the instant appeal. A reasonable fee for this work is $2,890.00.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On or about August 19, 2005, Plaintiff sustained an injury by accident arising out of and in the course and scope of her employment with Defendant-Employer when she fell from a chair and twisted her left knee, resulting in a meniscus tear of her left knee and an aggravation of her pre-existing chondromalacia. N.C. Gen. Stat. § 97-2(6). *Page 7 
2. Plaintiff's average weekly wage is $1,205.52, which yields the maximum compensation rate for 2005 of $704.00. N.C. Gen. Stat. § 97-2(5).
3. Plaintiff was temporarily totally disabled as a result of her knee injury for three weeks from November 1, 2005 to November 28, 2005. N.C. Gen. Stat. § 97-29.
4. Plaintiff was temporarily partially disabled as a result of her knee injury from September 20, 2005 to November 1, 2005, resulting in lost wages totaling $2,684.58. Two-thirds of this amount is $1,789.81. N.C. Gen. Stat. § 97-30.
5. The medical treatment provided at the CMC Emergency Department and by Drs. Dockery and Perry was reasonable and necessary to effect a cure or give relief from Plaintiff's symptoms. Defendants shall pay for past related treatment provided by these facilities.
6. Plaintiff has not reached maximum medical improvement for her left knee injury. Plaintiff is entitled to have Defendants provide related medical treatment as is reasonably necessary to effect a cure, provide relief, and/or lessen her period of disability. N.C. Gen. Stat. § 97-25.
7. Plaintiff is entitled to reimbursement of past medical expenses incurred as a result of the injury by accident, including medical travel and pharmaceutical expenses. N.C. Gen. Stat. § 97-25.
8. The Industrial Commission may, in its discretion, designate a treating physician. Dr. Dockery is designated as Plaintiff's treating physician in this case. N.C. Gen. Stat. §§ 97-2(19) and 97-25.
9. Plaintiff provided oral notice to Defendants of her injury by accident on the day of the injury and also again with a few days of her injury. She completed an incident report within *Page 8 
31 days of the injury. In light of their actual notice, Defendants did not demonstrate prejudice from the delay in receiving a written notice. N.C. Gen. Stat. § 97-22.
10. Defendants' defense of this claim was not unreasonable or based in stubborn, unfounded litigiousness. As such, they are not liable for sanctions. N.C. Gen. Stat. § 97-88.1.
11. In the discretion of the Full Commission, counsel for Plaintiff is entitled to have Defendants pay an attorney's fee in the amount of $2,890.00, which is in addition to the amount awarded as a percentage of Plaintiff's compensation. N.C. Gen. Stat. § 97-88. The Industrial Commission does not have the authority to award the travel costs requested by Plaintiff counsel.
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to Plaintiff temporary total disability compensation, at a compensation rate of $704.00, for three weeks from November 1, 2005 to November 28, 2005.
2. Defendants shall pay to Plaintiff temporary partial disability compensation in the amount of $1,789.81.
3. The compensation awarded in Paragraphs 1 and 2 of this Award have accrued and shall be paid in a lump sum.
4. Defendants shall pay all medical expenses for treatment necessary to effect a cure, provide relief, and/or lessen her period of disability, including, but not limited to, medical treatment at CMC Emergency Department and Drs. Dockery and Perry. *Page 9 
5. Defendants shall reimburse Plaintiff directly for all travel expenses and pharmaceutical expenses upon Plaintiff's submission of the appropriate Industrial Commission forms.
6. Dr. Dockery is designated as Plaintiff's authorized treating physician until further Order of the Commission or by mutual agreement by the parties.
7. An attorney's fee of twenty-five percent (25%) of the sums due Plaintiff under Paragraphs 1 and 2 of this AWARD is approved for Plaintiff's counsel and shall be deducted from the sums due Plaintiff and paid directly to Plaintiff's counsel. In addition, Defendants shall pay directly to Plaintiff's counsel the separate sum of $2,890.00 in attorney fees.
8. Defendants shall pay all costs.
This the 17th day of March 2010.
 S/___________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/___________________ DANNY L. McDONALD COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1